UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLINE CLARK,

              No. 04 Civ. 9050 (LTS)(DFE)

    Plaintiff,

 -against-

FIRST UNUM LIFE INSURANCE CO.,

    Defendant.

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

## MEMORANDUM OPINION AND ORDER

    Plaintiff Caroline Clark ("Clark" or "Plaintiff") initiated this action against defendant First UNUM Life Insurance Company ("First UNUM" or "Defendant") seeking to recover benefits allegedly due under an employee benefit plan, pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq. The Court has subject matter jurisdiction of the action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. The parties have resolved Plaintiff's benefits claim without the Court's intervention. Plaintiff's motion for attorney's fees is the only controversy that remains before the Court.

### BACKGROUND

    In February 2002, Plaintiff applied for long term disability benefits as a result of being disabled by chronic fatigue syndrome ("CFS"). First UNUM, her employer's insurance carrier, denied her claims and her subsequent appeals. On November 17, 2004, Plaintiff commenced this litigation. (Docket entry no. 1.) During this time period, First UNUM was the subject of a multi-state investigation concerning its claim-handling procedures. This investigation concluded with a

Market Conduct Examination report that faulted First UNUM's benefits determination procedures, including its excessive reliance on in-house medical professionals, unfair construction of medical reports, and inappropriate placement of burdens on claimants to justify eligibility. (Riemer Aff., Ex. G at 6-10.) Subsequently, First UNUM entered into a "Regulatory Settlement Agreement" ("RSA") with the United States Department of Labor and the New York Superintendent of Insurance. The RSA required First UNUM to pay a $15 million fine and created a "Claim Reassessment Process" to allow certain previously denied claimants, including Plaintiff, to submit their previously denied claims for reconsideration. (Riemer Aff., Ex. F.)

In light of the Claim Reassessment Process, the Court granted a stay of this litigation on February 14, 2005, pending reassessment of Plaintiff's claim (the "Reassessment"). On July 25, 2007, First UNUM, after numerous delays, completed the Reassessment and, in contrast to its previous denial of the claim, granted Plaintiff full back benefits under the terms of the plan (more than $500,000), with 6% interest, and placed Plaintiff in benefit payment status in accordance with the terms of the plan. Pursuant to a previously-executed Stipulation and Order, First UNUM's reversal of its previous denial and payment in full of Plaintiff's claim automatically dismissed Plaintiff's action with prejudice. (Docket entry no. 12.) Plaintiff subsequently filed the instant motion for attorney's fees. (Docket entry no. 13.)

DISCUSSION

Section 502(g)(1) of ERISA provides that, in an action brought pursuant to the statute, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C.A. § 1132(g)(1) (West 2003). In adjudicating applications for awards under this provision, courts in this Circuit consider the following five factors:

(1) the degree of the offending party's culpability or bad faith, (2) the ability of the

>offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of . . . plan participants.

Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987). "These factors are guiding criteria, but the party seeking the award need not establish all five and no one factor is dispositive." Zervos v. Verizon New York, Inc., No. 01 Civ. 685, 2002 WL 31553484, at *2 (S.D.N.Y. Nov. 13, 2002). ERISA's attorney's fee provisions "should be construed liberally" and attorney's fees "may be awarded to the prevailing party under ERISA in the absence of some particular justification for not doing so." Veltri v. Building Service 32B-J Pension Fund, No. 02 Civ. 4200, 2004 WL 856329, *2 (S.D.N.Y. Apr. 20, 2004) (quoting Birmingham v. SoGen-Swiss Int'l Corp. Ret. Plan, 718 F.2d 515, 523 (2d Cir. 1983)).

In opposition to Plaintiff's motion, Defendant argues that: (i) an award of attorney's fees is not warranted in this case under Section 502(g)(1) of ERISA and Chambless; (ii) any fee award should exclude attorney's fees incurred during the Reassessment; and (iii) the hours and hourly rates upon which Plaintiff's request is premised are not reasonable. The Court considers the three issues in turn.

I.   Whether The *Chambless* Factors Favor Granting Plaintiff Attorney's Fees

Among the five Chambless factors, central to the Court's analysis is the question of Defendant's culpability. Culpable conduct has been defined as "conduct that is blameable . . . involving the breach of a legal duty or the commission of a fault." Paese v. Hartford Life, 449 F.3d 435, 450-51 (2d Cir. 2006) (quoting Black's Law Dictionary (6th ed. 1990)). "A finding of culpability involves more than mere negligence, but does not require malice or any ulterior motive." Zervos, 2002 WL 31553484, at *2. Rather, a "failure to conduct a full and fair review in connection with a plaintiff's claims for benefits satisfies the culpability factor." Winkler v. Metropolitan Life

Ins. Co., No. 03 Civ. 9656, 2006 WL 2850247, *2 (S.D.N.Y. Sept. 28, 2006) (internal citations and quotation marks omitted).

Defendant's behavior during the evaluation of Plaintiff's claim demonstrates its culpability. Defendant, *inter alia*, failed to seek an independent medical evaluation, ignored the recommendations of Plaintiff's physicians, and rejected medical conclusions without contacting Plaintiff's doctors for clarification. (See Riemer Aff., Ex. E). Defendant's failure to seek the opinion of outside medical professionals resulted in an interpretation of the medical reports by their in-house staff only, which produced both conclusory and conflicting statements. Defendant's medical staff failed to question Plaintiff's physicians or attempt to clear up any perceived inconsistencies in their evaluations and, instead, engaged in a selective analysis of the medical reports. "An administrator may, in exercising its discretion, weigh competing evidence, but it may not . . . cherry-pick the evidence it prefers while ignoring significant evidence to the contrary." Winkler v. Metropolitan Life Ins. Co., 170 Fed. Appx. 167, 168 (2d Cir. 2006). Defendant's actions were also consistent with those it was faulted for in the Market Conduct Examination, and deprived Plaintiff of a fair medical evaluation.

Neither the role of evolving diagnostic protocols in the reversal of the initial denial nor the fact that Plaintiff's position was ultimately vindicated with an award of full benefits weighs in favor of Defendant, particularly in light of the unfairness of its initial claims evaluation process. See Lampert v. Metropolitan Life Ins. Co., No. 03 Civ. 5655, 2004 WL 1395040, at *2 (S.D.N.Y. June 21, 2004) (granting the plaintiff attorney's fees and finding the defendant culpable in part because, although defendant had settled plaintiff's claims after plaintiff filed a complaint, "defendant was unresponsive to the pre-litigation settlement effort, and in effect made the suit necessary").

Consideration of the remaining Chambless factors favors an award of attorney's fees

as well.  Defendant does not dispute its ability to pay an award of attorney's fees.  A judgment against Defendant in this case would serve to deter Defendant and similarly situated parties from using inappropriate claims evaluation procedures in the future.  See Algie v. RCA Global Communications, Inc., 891 F. Supp. 875, 893 (S.D.N.Y. 1994), aff'd, 60 F.3d 956 (2d Cir. 1995).  The fifth factor does not weigh in Plaintiff's favor, but the absence of this factor alone does not preclude an award of attorney's fees.  Locher v. UNUM Life Ins. Co., 389 F.3d 288, 299 (2d Cir. 2004).  Accordingly, the Court concludes that Plaintiff is entitled to an award of  attorney's fees.

>    II.    Whether Attorney's Fees May Be Granted for Fees Incurred during the Reassessment

Defendant asserts that attorney's fees incurred by Plaintiff during the course of the Reassessment are not compensable because the Court had no jurisdiction over the process and the parties voluntarily stayed the litigation and pursued the Reassessment.  The Eleventh Circuit Court of Appeals recently considered this question and concluded that such attorney's fees are not compensable.  Kahane v. UNUM Life Insurance Co., __ F.2d __ , 2009 WL 805817 (11th Cir. Mar. 30, 2009).  For the following reasons, the Court reaches the same conclusion here.

>    In Kahane, as in this case, the plaintiff commenced a lawsuit after the original claim denial, the lawsuit was stayed pending a reassessment pursuant to an RSA, and the plaintiff was awarded full benefits following the reassessment. Notably, as here, the plaintiff would have been able to pursue the reassessment even if she had not initiated her federal court action.[1]  Id. at *1-4.  On these facts, the Kahane court determined that the reassessment proceeding is "substantially similar to

---

[1]    This case and Kahane are therefore unlike cases in which courts have awarded the plaintiff attorney's fees incurred during either a court-ordered administrative proceeding or an administrative proceeding necessary to obtain a final result enabled by the litigation.  Cf. Trustees of the Eastern States Health and Welfare Fund v. Crystal Corp., No. 00 Civ. 887, 2004 WL 1118245, *1 (S.D.N.Y. May 19, 2004).

the pre-litigation administrative proceedings required by ERISA." Id. at *1. The Second Circuit (along with all other circuit courts of appeal that have considered the question) has held that attorney's fees incurred during such administrative proceedings are not compensable. Peterson v. Continental Cas. Co., 282 F.3d 112, 121 (2d Cir. 2002); see Kahane, 2009 WL 805817 at *4 (citing all six appellate opinions that have addressed the issue). The Court agrees that a reassessment proceeding, on these facts, is substantially similar to pre-litigation administrative proceedings. Attorney's fees incurred in such proceedings are not compensable. Accordingly, Plaintiff will not be granted an award for fees incurred in connection with the Reassessment.

> III. Whether Plaintiff's Alleged Hours and Hourly Rates upon which the Fee Request Are Premised Are Reasonable

Plaintiff asserts that she should be compensated $480 per hour for the labor of Scott Riemer, a partner in his law firm and an ERISA specialist with 24 years of experience; $300 per hour for the labor of Rachel Wilgoren, an associate with five years of experience; and $150 per hour for the services of two paralegals, who each have over ten years of relevant experience. (Riemer Aff. ¶¶ 2-21.) These rates are commensurate with market rates for lawyers with comparable skill and experience in this district and, accordingly, the Court concludes that the rates are reasonable. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 112, 117-20 (2d Cir. 2007).

Plaintiff seeks compensation for a total of 18.65 hours of labor (12.8 hours of labor expended by Riemer and 5.85 hours expended by paralegals) for client communications; drafting and filing the complaint and evaluating Defendant's answer; and legal work regarding the stay of litigation. Defendant agrees that this portion of Plaintiff's request is reasonable, and the Court concurs. Plaintiff also seeks compensation for 65.45 hours of labor (31.3 hours for Riemer, 32.6 hours for Wilgoren, and 1.55 hours for paralegal work) incurred in this motion practice. The Court

finds this request incongruous with the alleged expertise of plaintiff's attorneys and the relatively straightforward nature of the motion practice. Plaintiff's briefs largely consist of recitations of the basic facts and procedural history of the case and argumentation based on well-established law; the briefs do not involve any detailed examination of the voluminous record created during the administrative claim evaluation processes nor extensive argumentation related to novel legal issues. Accordingly, the Court will award Plaintiff attorney's fees incurred in this motion practice for 1.55 hours of paralegal labor, ten hours of associate labor, and five hours of partner labor. See Dowling v. Kucker, Kraus, & Bruh, LLP, No. 99 civ. 11958, 2005 WL 1337442, at *6 (S.D.N.Y. 2005) ("The Court should exclude from the initial fee calculation hours that were not reasonably expended.").

Plaintiff also seeks recovery of $313.95 in costs. That request is granted in full.

## CONCLUSION

Plaintiff's motion for attorney's fees is granted. Plaintiff is awarded attorney's fees of $12,654[2] and costs of $313.95. This Memorandum Opinion and Order resolves docket entry no. 13. The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

Dated: New York, New York
April 28, 2009

LAURA TAYLOR SWAIN
United States District Judge

---

[2] The attorney's fee award has been calculated as follows: ($480 per hour of partner labor * 17.8 partner hours) + ($300 per hour of associate labor * 10 associate hours) + ($150 per hour of paralegal labor * 7.4 paralegal hours) = $12,654.